# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALEJANDRO GARCIA,
GUADALUPE GARCIA, and
JOSE GARCIA,

       *Plaintiffs*,

  vs.

PALOMINO, INC.,
d/b/a LA MESA,
and FRANCISCO ONATE

       *Defendants.*

CASE NO. 09-02115-EFM

## MEMORANDUM AND ORDER

Plaintiffs, Alejandro, Guadalupe, and Jose Garcia, former employees of La Mesa restaurant in Lansing, Kansas, have brought an action against Defendants, Palomino, Incorporated ("Palomino"), and Francisco Onate ("Onate"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. Plaintiffs claim that Defendants violated the FLSA's minimum wage and overtime provisions. Now before the Court is Defendants' motion to reopen discovery for the limited purpose of determining the identity of Plaintiffs (Doc. 61). For the reasons stated below, the Court denies the motion.

# I. BACKGROUND

Discovery in this matter ended on December 31, 2009. On August 9, 2010, Defendant Palomino received by mail a Notice of Levy on Wages, Salary, and Other Income from the Internal Revenue Service (IRS). This Notice set forth the name and social security number of a taxpayer who had allegedly worked for Defendant Palomino and who owed the Federal Government over $8,974.52 in taxes and statutory additions. After receiving the Notice, Defendant Palomino reviewed its employment records and discovered that it had never employed a man with the name stated on the Notice, but that it had employed an individual with the stated social security number, Plaintiff Guadalupe Garcia. Based on this development, Defendants believe that Plaintiffs falsely and fraudulently used other persons' social security numbers to secure employment, and ask the Court to reopen discovery for the limited purpose of determining the true identity of Plaintiffs and the veracity of Plaintiffs' representations to Defendants while employed by Defendant Palomino and during the course of discovery.

# II. ANALYSIS

The decision of whether to reopen discovery is within the sound discretion of the district court.[1] The Tenth Circuit has identified the following factors as relevant for determining whether a party's request to reopen discovery should be granted:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[2]

---

[1] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[2] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (quoting *Smith*, 834 F.2d at 169).

After considering the above factors, the Court finds that discovery should not be reopened. To begin with, the information Defendants seek, namely information relating to Plaintiffs' immigration status, has no bearing on the underlying issue of this case: whether Plaintiffs are entitled to recover unpaid wages for work already performed under the FLSA.[3] Furthermore, while such information may be relevant to assessing Plaintiffs' credibility, the Court, like others, finds that "the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted *far* outweighs whatever minimal legitimate value such material holds for Defendants."[4] As a result, the Court denies Defendants' motion to reopen discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reopen Discovery for the Limited Purpose of Determining the Identity of Plaintiffs (Doc. 61) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 13th day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3]*See, e.g., Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 214 (N.D. Ill. 2010); *Chellen v. John Pickle Co., Inc.*, 466 F. Supp. 2d 1247, 1278 (N.D. Okla. 2006); *Flores v. Amigon*, 233 F. Supp.2d 462, 463-64 (E.D.N.Y. 2002). Defendants have not put forth any evidence that calls in question Plaintiffs' claim that they are former employees of Defendant Palomino.

[4]*Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 502 (W.D. Mich. 2005) (emphasis in original); *accord De La O v. Arnold-Williams*, 2006 WL 6494873, at *3 (E.D. Wash. Oct. 20, 2006).